# Exhibit A



**KENTUCKY** COURT OF JUSTICE

20-CI-01537

### MORGAN, SHERRILL D. VS. PEINE, PATRICIA ET AL

**KENTON CIRCUIT COURT**

Filed on **10/29/2020** as **PERSONAL INJURY** with **HON. GREGORY M. BARTLETT**

**\*\*\*\* NOT AN OFFICIAL COURT RECORD \*\*\*\***

| Parties | 20-CI-01537 |
|---|---|

**CINCINNATI INSURANCE COMPANY** as **DEFENDANT / RESPONDENT**

**Address**

6200 SOUTH GILMORE ROAD
FAIRFIELD OH 45014

**Summons**

**CIVIL SUMMONS** issued on **10/29/2020** by way of **LONG ARM STATUTE - SOS**
*SOS RECD - 11/4/20 7017-1450-0000-0086-4494*

**DOORDASH, INC.** as **DEFENDANT / RESPONDENT**

**Memo**

Registered Agent of Service exists.

**Address**

116 NEW MONTGOMERY STREET, FLOOR 4
SAN FRANCISCO CA 94105

**Summons**

**CIVIL SUMMONS** issued on **10/29/2020** served on **11/05/2020** by way of **CERTIFIED MAIL**
*7017-1450-0000-0086-8461*

**MORGAN, SHERRILL D.** as **PLAINTIFF / PETITIONER**

**PEINE, PATRICIA** as **DEFENDANT / RESPONDENT**

**Address**

522 HARRISON AVENUE
HARRISON OH 45030

**Summons**

**CIVIL SUMMONS** issued on **10/29/2020** served on **11/16/2020** by way of **LONG ARM STATUTE - SOS - RESTRICTED DELIVERY**
*SOS RECD 11/4/20 7017-1450-0000-0086-8478 SOS -11/16/20-*

**DEENER, ELIZABETH** as **ATTORNEY FOR DEFENDANT**

**Memo**

Attorney for Patricia Peine

**Address**

LANDRUM & SHOUSE, LLP
PO BOX 951
LEXINGTON KY 40588

**HAARA, BRIAN FRANK** as **ATTORNEY FOR DEFENDANT**

**Address**

TACHAU MEEK PLC
3600 NATIONAL CITY TOWER
LOUISVILLE KY 40202

**SANDERS, JUSTIN** as **ATTORNEY FOR PLAINTIFF**

**Address**

BUBALO LAW PLC
9300 SHELBYVILLE ROAD, STE. 210
LOUISVILLE KY 40222

**SWAFFORD, MATTHEW WADE** as **ATTORNEY FOR DEFENDANT**

SWAFFORD, MATTHEW WADE as ATTORNEY FOR DEFENDANT

| Address |
| --- |
| TACHAU MEEK PLC |
| 101 S. FIFTH STREET, SUITE 3600 |
| LOUISVILLE KY 40202 |

**REGISTERED AGENT SOLUTIONS, INC.** as **REGISTERED AGENT OF SERVICE**

| Memo |
| --- |
| Related party is DOORDASH, INC. |

| Address |
| --- |
| 828 LANE ALLEN ROAD, SUITE 219 |
| LEXINGTON KY 40504 |

| Documents | 20-CI-01537 |
| --- | --- |
| **COMPLAINT / PETITION** filed on **10/29/2020** | |
| **NOTICE - OTHER** filed on **10/29/2020** | |
| **ANSWER** filed on **11/23/2020**<br>*DOORDASH* | |
| **NOTICE - OTHER** filed on **11/23/2020**<br>*NOTICE OF ELECTION OF ELECTRONIC SERVICE* | |
| **ANSWER** filed on **11/24/2020** | |

| Images | 20-CI-01537 |
| --- | --- |
| **COMPLAINT / PETITION** filed on **10/29/2020**  *Page(s): 12* | |
| **SUMMONS** filed on **10/29/2020**  *Page(s): 1* | |
| **SUMMONS** filed on **10/29/2020**  *Page(s): 1* | |
| **SUMMONS** filed on **10/29/2020**  *Page(s): 1* | |
| **SUMMONS** filed on **10/29/2020**  *Page(s): 2* | |
| **SUMMONS** filed on **10/29/2020**  *Page(s): 2* | |
| **NOTICE - OTHER** filed on **10/29/2020**  *Page(s): 2* | |
| **COURTESY FINANCIAL TRANSACTION REPORT** filed on **10/29/2020**  *Page(s): 1* | |
| **SUMMONS - RETURN OF SERVICE** filed on **10/29/2020**  *Page(s): 2* | |
| **SUMMONS - RETURN OF SERVICE** filed on **10/29/2020**  *Page(s): 1* | |
| **ANSWER** filed on **11/23/2020**  *Page(s): 14* | |
| **NOTICE - OTHER** filed on **11/23/2020**  *Page(s): 2* | |
| **ANSWER** filed on **11/24/2020**  *Page(s): 12* | |
| **ANSWER** filed on **11/30/2020**  *Page(s): 10* | |

**\*\*\*\* End of Case Number : 20-CI-01537 \*\*\*\***

Package:000003 of 000016

Presiding Judge: HON. GREGORY M. BARTLETT (616100)

Package : 000003 of 000016

## COMMONWEALTH OF KENTUCKY
## KENTON CIRCUIT COURT
## DIVISION _____
## CASE NO.: _____

**SHERRILL D. MORGAN**                                    **PLAINTIFF**
**525 W. 5TH STREET**
**COVINGTON, KY 41011**

V.

**PATRICIA PEINE**
**522 HARRISON AVENUE**
**HARRISON, OH 45030**

>        **SERVE VIA CERTIFIED MAIL:**
>        Secretary of State
>        Commonwealth of Kentucky
>        Statutory Agent Pursuant to KRS §454.210

**and**

**DOORDASH, INC.,**
116 New Montgomery Street, Floor 4
San Francisco, CA 94105-3638

>        **SERVE VIA CERTIFIED MAIL:**
>        Registered Agent Solutions, Inc.
>        828 Lane Allen Road, Suite 219
>        Lexington, KY 40504

**and**

**CINCINNATI INSURANCE COMPANY**
6200 South Gilmore Road
Fairfield, OH 45014

>        **SERVE VIA CERTIFIED MAIL:**
>        Secretary of State
>        Commonwealth of Kentucky
>        Statutory Agent Pursuant to KRS §454.210          **DEFENDANTS**

---

## COMPLAINT AND JURY DEMAND

---

COMES NOW Plaintiff, Sherrill D. Morgan, by and through counsel, and for his causes of action herein, states as follows:

## PARTIES

1.    Plaintiff, Sherrill D. Morgan, is an adult citizen and resident of Covington, Kenton County, Kentucky.

2.    Defendant, Patricia Peine, is an adult who resides and, at all times relevant to this Complaint, has resided at 522 Harrison Avenue, Harrison, OH 45030. Defendant Peine was the operator of the vehicle that caused the collision with Plaintiff. Defendant Peine is subject to the personal jurisdiction of this Court, because the claims stated in this complaint arose from said Defendant's acts or omissions committed in the Commonwealth of Kentucky. The Secretary of State of the Commonwealth of Kentucky is deemed to be the statutory agent of Patricia Peine, pursuant to KRS 454.210.

3.    Defendant DoorDash, Inc. (hereinafter "DoorDash") is a Delaware corporation registered with the Kentucky Secretary of State. DoorDash's principal place of business is 116 New Montgomery Street, Floor 4, San Francisco, CA 94105-3638. At all times material to this lawsuit, Defendant DoorDash was engaged in business in Kentucky and can be served through its agent for service of process, Registered Agent Solutions, Inc., 828 Lane Allen Road, Suite 219, Lexington, KY 40504. Defendant DoorDash is vicariously liable under a theory of *respondeat superior*, agency, ostensible agency, partnership, and other forms of vicarious liability for the act and/or omissions of all of its employees, servants, principals, and/or agents, including Defendant Peine.

4.    Defendant, Cincinnati Insurance Company (hereinafter, "CIC") is, and was at all relevant times, an insurer domiciled in the State of Ohio, with a home office address of 6200 South Gilmore Road, Fairfield, OH 45014. Its NAIC number is 10677. At all relevant times, CIC is and

2

Package:000004 of 000016

Presiding Judge: HON. GREGORY M. BARTLETT (616100)

Package : 000004 of 000016

was registered with the Kentucky Department of Insurance. At all relevant times, CIC is and was licensed and/or otherwise authorized to do the business of insurance, and has been conducting the business of insurance, within the Commonwealth of Kentucky. CIC issues insurance policies to Kentucky residents, providing automobile medical payments coverage, basic reparations benefits, automobile liability coverage, and uninsured/underinsured motorist coverage subject to the laws and regulations of the Commonwealth of Kentucky. CIC has no designated process agent in Kentucky, and as such, the Secretary of State of the Commonwealth of Kentucky is deemed to be the statutory agent of CIC, pursuant to KRS 454.210.

### JURISDICTION AND VENUE

5.      The Plaintiff's claim for relief arises out of a collision between Defendant Peine's vehicle and Plaintiff's person. The collision occurred in Kenton County, Kentucky, on April 16, 2019 ("the Collision"), causing bodily injury to Plaintiff.

6.      Venue is proper in Kenton County, because the cause of action occurred in Kenton County, Commonwealth of Kentucky.

7.      All events from which the basis of this Complaint for damages sound primarily in tort and occurred in Kenton County, Kentucky.

### STATEMENT OF FACTS

8.      On April 16, 2019, at approximately 5:36 p.m., Plaintiff was standing behind his vehicle in a marked parking spot in a lot in Covington, Kenton County, Kentucky, retrieving items from his trunk.

9.      At the same place and time, Defendant Peine was backing a 2018 Chevrolet Malibu out of a parking spot in the same parking lot.

10.     Defendant Peine failed to keep a proper lookout and failed to operate her vehicle in a careful manner, with due regard for the safety of others, and struck Plaintiff.

3

Package:000005 of 000016 Presiding Judge: HON. GREGORY M. BARTLETT (616100) Package : 000005 of 000016

11.     The impact of Defendant Peine's vehicle striking Plaintiff caused serious bodily injuries to Plaintiff.

12.     Prior to the collision, Defendant Peine and her passenger had been smoking marijuana in the car Peine was operating.

13.     At the time Defendant Peine struck Plaintiff, she was engaged in the business activity of being a DoorDash delivery driver, providing on-demand food delivery services on behalf of DoorDash.

14.     Defendant Peine was an employee, agent, and/or servant of Defendant DoorDash and was acting within the course and scope of employment at the time she struck Plaintiff.

15.     Upon information and belief, at the time Defendant Peine struck Plaintiff, she was on an active delivery for Defendant DoorDash. Defendant Peine was using the DoorDash application program or platform to pick up and deliver an on-demand food delivery. At the time of the incident, Defendant Peine was logged into the DoorDash application and was using DoorDash's program and services to pick up and/or deliver an on-demand food delivery to a customer.

16.     Defendant Peine's compensation for the on-demand food delivery to the customer was managed, determined, calculated, or otherwise accomplished through DoorDash and its application or platform.

17.     DoorDash provides prearranged food pick-up and delivery services for compensation using an application or platform to connect persons wanting on-demand food delivery with person who, utilizing their own personal vehicles, want to provide on-demand food delivery services in exchange for compensation.

18.     Before an individual can use DoorDash, they must download and install an application or access DoorDash through its website. Individuals must provide information

4

Package:000006 of 000016

Presiding Judge: HON. GREGORY M. BARTLETT (616100)

Package : 000006 of 000016

including, but not limited to: their name, address, telephone number, email address, and credit/debit card information. Individuals can then create an account that allows them to request on-demand food delivery services from DoorDash.

19.     Before an individual can provide on-demand food delivery services for DoorDash, one must apply to become a driver by logging into DoorDash's application, web site, or other web based platform and provide information including, but not limited to: name, telephone number, address, email address, vehicle registration, vehicle description, and insurance information. DoorDash conducts a background check, including criminal and driving history of the applicant, and evaluates the driver. DoorDash only allows individuals it finds suitable to become drivers and provide on-demand food delivery services on its application. DoorDash reserves the right to remove drivers from its system at its discretion. Therefore, DoorDash is entirely in control of who is able to use their system to provide on-demand food delivery services.

20.     Individuals that request on-demand food delivery must access the DoorDash application or website and request those services. Once a request is made, a user of DoorDash's application can track their on-demand food delivery progress to their location. DoorDash's application provided to the driver provides a GPS map with directions to the location requested.

### NEGLIGENCE AND NEGLIGENCE *PER SE* OF DEFENDANT, PATRICIA PEINE

21.     Plaintiff reaffirms and realleges each allegation and averment contained in Paragraphs 1 through 20, above, as if fully rewritten herein.

22.     Defendant Peine had a duty to exercise reasonable awareness of her surroundings, of pedestrians in a parking lot, and of Plaintiff in particular.

23.     Defendant Peine had a duty to operate the vehicle she was driving with reasonable care and safety under the circumstances and to obey the traffic laws in effect at the time and place of the Collision.

5

Package:000008 of 000016

Presiding Judge: HON. GREGORY M. BARTLETT (616100)

Package : 000008 of 000016

24.     Defendant Peine failed to adhere to the duty required of her in several particulars,
each of which constitutes negligence, including, but not limited to, the following:

    a.   Operating her vehicle while impaired or intoxicated;

    b.   Failure to keep a proper look-out;

    c.   Failure to properly observe the roadway;

    d.   Failure to maneuver her vehicle so as to avoid a collision;

    e.   Failure to maintain adequate control of her vehicle;

    f.   Failure to properly assess and follow a safe route of travel; and

    g.   Failure to operate her vehicle in a careful manner with due regard for the safety of
        others.

25.     Defendant Peine's negligent acts, omissions, and breaches of duty, as stated above,
caused her to negligently, forcefully, and without warning, collide with Plaintiff. Additionally,
Defendant Peine's negligent acts, omissions, and breaches of duty amounted to the following
breaches of Kentucky state law, which constitutes negligence *per se:*

    a.   Kentucky Revised Statutes §189A.010 (1)(c)(d) [Operated her vehicle while her
        ability or alertness was impaired making it unsafe for her to drive her vehicle];

    b.   Kentucky Revised Statutes §189.290 [Failed to operate vehicle in a careful manner,
        with regard to the safety and convenience of other vehicles on the roadway].

26.     Each of these acts and omissions, singularly or in combination with others,
constitutes negligence and/or negligence *per se,* which directly and proximately caused the wreck
forming the basis of this action, and Plaintiff's injuries and resulting damages.

27.     Defendants are jointly and severally liable to Plaintiff for all damages sustained by
him as a result of Peine's violations of the common law duties and statues identified above,
pursuant to KRS 446.070: Penalty no bar to civil recovery, which states: "A person injured by the

6

violation of any statute may recover from the offender such damages as he sustained by reason of the violation, although a penalty or forfeiture is imposed for such violation."

## LIABILITY OF DEFENDANT DOORDASH, INC.

28.     Plaintiff reaffirms and realleges each allegation and averment contained in Paragraphs 1 through 27, above, as if fully rewritten herein.

29.     At all relevant times, Defendant Peine was an agent, servant, and/or representative or held herself out to be an agent, servant, and/or representative of Defendant DoorDash.

30.     At all relevant times, DoorDash represented, implied, or suggested to the general public that Defendant Peine was DoorDash's agent, servant, and/or representative.

31.     Defendant DoorDash examined, investigated, or otherwise vetted Defendant Peine prior to allowing her to use DoorDash's on-demand food delivery services application or web-based platform.

32.     Defendant DoorDash benefited financially from Defendant Peine using and providing on-demand food delivery services to customers or users of DoorDash's application or web-based platform.

33.     At the time Defendant Peine struck Plaintiff, Defendant Peine was en route to pick up food for a DoorDash customer or to deliver said food to a customer that used the DoorDash application or web-based service.  Defendant Peine was providing said services on behalf or for the benefit of DoorDash, from which services DoorDash intended and expected to derive a financial benefit.

34.     Defendant DoorDash controlled Defendant Peine, exercised authority to direct how Defendant Peine operated her vehicle, controlled the route that Defendant Peine drove, and collected payment from the individual customer, using DoorDash's application, to whom Peine was intending to make an on-demand food delivery.

7

Filed          20-CI-01537 10/29/2020          John C. Middleton, Kenton Circuit Clerk

35.     Upon information and belief, Defendant DoorDash was negligent in that it knew or should have known that the decision to allow Defendant Peine to operate the vehicle at issue in this case for its benefit created a reasonably foreseeable danger to members of the public, including the Plaintiff. DoorDash's negligence was a legal, direct, and proximate cause of the injuries and damages suffered by Plaintiff.

36.     Defendant DoorDash was specifically negligent in the following ways, where each instance of negligence was a legal, direct, and proximate cause of the Collision and the Plaintiff's injuries and damages:

a.  negligently hiring and/or contracting with Defendant Peine;

b.  negligently training Defendant Peine;

c.  negligently retaining Defendant Peine;

d.  negligently supervising Defendant Peine;

e.  negligently entrusting Defendant Peine to drive and make food deliveries for DoorDash;

f.  negligently failing to conduct proper and required background checks of Defendant Peine;

g.  negligently failing to adopt and institute rules and policies prohibiting DoorDash drivers to have passengers with them while working for DoorDash;

h.  negligently failing to adopt and institute rules and policies requiring passengers of DoorDash drivers to pass a background check or other vetting process;

i.  negligently failing to adopt and implement rules and policies sufficient to prevent reasonably foreseeable injury to members of the public;

j.  negligently routing Peine, which induced or encouraged hazardous or irresponsible operation of Defendant Peine's vehicle; and

8

Package:000010 of 000016

Presiding Judge: HON. GREGORY M. BARTLETT (616100)

Package : 000010 of 000016

k. other acts or omissions that are currently unknown to Plaintiff but that may come to light during discovery.

## UNINSURED & UNDERINSURED MOTORIST CLAIM

37.     Plaintiff reaffirms and realleges each allegation and averment contained in Paragraphs 1 through 36, above as if fully rewritten herein.

38.     At the time of the Collision, Plaintiff was insured under an automobile insurance policy issued by Defendant, CIC. Plaintiff's policy number is 05 A07 0167654.

39.     At the time of the Collision, Plaintiff's insurance policy with CIC provided uninsured motorist coverage to Plaintiff.

40.     At the time of Collision, Plaintiff's insurance policy with CIC provided underinsured motorist coverage to Plaintiff.

41.     Pursuant to KRS §304.39-320 and the terms of his contract of insurance, Plaintiff is entitled to bring this action for underinsured motorist coverage benefits against Defendant, CIC.

42.     Pursuant to the terms of his contract of insurance, Plaintiff is entitled to bring this action for uninsured motorist coverage benefits against Defendant, CIC.

43.     At all times relevant, Defendant Peine was an "uninsured motorist" or "underinsured motorist," as defined by the Plaintiff's automobile insurance policy referenced in Paragraph 38, and/or by KRS §304.39-320.

44.     Plaintiff is an "insured" as defined by the CIC automobile insurance policy referenced in Paragraph 38.

45.     Plaintiff paid premiums to CIC for his automobile insurance, complied with all provisions of his insurance policy at all times relevant to this action, and performed all terms and conditions required of him for coverage to apply under his policy.

46.     At all times relevant, Plaintiff acted reasonably and prudently, and his actions did

9

not contribute in any way to the Collision or the injuries, harms, losses, and damages he suffered as a result of the Collision.

47.    This count of the Complaint is a first-party contractual claim against Defendant, CIC for uninsured/underinsured motorist coverage under Plaintiff's policy, and Defendant, Cincinnati Insurance Company is indebted to Plaintiff for so much of Plaintiff's damages that are unsatisfied by any payment(s) made by or on behalf of Defendants.

### INJURIES, DAMAGES, LOSSES

48.    Plaintiff reaffirms and realleges each allegation and averment contained in Paragraphs 1 through 47, above as if fully rewritten herein.

49.    As a direct and proximate result of the negligence, recklessness, and gross negligence of Defendants, Patricia Peine and DoorDash, Plaintiff suffered harms and losses, including but not limited to the following:

   a.    Past, present, and future physical pain and suffering associated with injuries he received in the Collision;

   b.    Lost wages;

   c.    Loss of earning capacity;

   d.    Serious, painful, debilitating, disabling, and permanent physical injury;

   e.    Mental and emotional suffering and loss of enjoyment of life;

   f.    Pre-impact fright and terror;

   f.    Past and future cost of reasonable and medically necessary treatment of his injuries;

   g.    Miscellaneous out of pocket financial loss.

10

Package:000012 of 000016

Presiding Judge: HON. GREGORY M. BARTLETT (616100)

Package : 000012 of 000016

50.     Plaintiff is entitled to recover damages from the Defendants, jointly and severally, in an amount exceeding the minimum jurisdictional limits of this Court, sufficient to fully and adequately compensate him for all of the damages, injuries, and losses referenced in this complaint.

51.     Plaintiff is entitled to punitive damages from Defendants, Peine and DoorDash, jointly and severally, pursuant to KRS §411.184, because Defendants acted toward Plaintiff with oppression, fraud, malice, and exhibited a reckless disregard for the health and safety of Plaintiff and the public at large.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief as follows: **WHEREFORE**, Plaintiff demands and prays for:

A.     Judgment against Defendants, Patricia Peine and DoorDash, Inc., individually, jointly, and severally, for damages in an amount in excess of the minimum jurisdictional limits of this Court, as determined by the finder of fact at trial, sufficient to fully and adequately compensate Plaintiff for the injuries, damages, and losses described in this complaint.

B.     Judgment against Defendant, Cincinnati Insurance Company, for compensatory damages in such amounts, in excess of the minimum jurisdictional limits of this Court, as will reasonably compensate Plaintiff for the injuries, damages, harms, and losses enumerated in this Complaint, up to the coverage limits of his insurance policy.

C.     Pre-judgment and post-judgment interest at statutory judgment interest rates and recovery of their costs herein incurred;

11

Package:000013 of 000016

Presiding Judge: HON. GREGORY M. BARTLETT (616100)

Package : 000013 of 000016

D.     Punitive Damages against the Defendants, Patricia Peine and DoorDash, Inc., in an

amount sufficient to punish the Defendants and to deter them and others from future

instances of conduct;

E.     Trial by Jury; and

E.     Any further and proper relief to which Plaintiff may be entitled by law or equity.

Respectfully submitted,

*/s/Justin A. Sanders*
Justin A. Sanders (KY Bar #90390)
Whitney L. Stepp (KY Bar #96866)
**BUBALO LAW PLC**
9300 Shelbyville Road, Suite 210
Louisville, KY 40222
(502) 753-1600
(502) 753-1601 facsimile
jsanders@bubalolaw.com
wstepp@bubalolaw.com
*Counsel for Plaintiff*

Package: 000014 of 000016

Presiding Judge: HON. GREGORY M. BARTLETT (616100)

Package : 000014 of 000016

12

AOC-E-105      Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice      *Courts.ky.gov*

CR 4.02; Cr Official Form 1



**CIVIL SUMMONS**

Case #: **20-CI-01537**
Court: **CIRCUIT**
County: **KENTON**

NOT ORIGINAL DOCUMENT
11/09/2020 12:52:49 PM
92414-3

---

*Plantiff,* **MORGAN, SHERRILL D. VS. PEINE, PATRICIA ET AL**, *Defendant*

TO:   **CINCINNATI INSURANCE COMPANY**
        **6200 SOUTH GILMORE ROAD**
        **FAIRFIELD, OH 45014**

The Commonwealth of Kentucky to Defendant:

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*John C. Middleton*

Kenton Circuit Clerk
Date: **10/29/2020**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

   Date: _____, 20 _____

   _____
                                                                 Served By

   _____
                                                                 Title

Summons ID: @00000935541
CIRCUIT: 20-CI-01537 Long Arm Statute – Secretary of State
MORGAN, SHERRILL D. VS. PEINE, PATRICIA ET AL

Presiding Judge: HON. GREGORY M. BARTLETT (616100)

CI : 000001 of 000001





AOC-E-105      Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice      Courts.ky.gov

CR 4.02; Cr Official Form 1



**CIVIL SUMMONS**

Case #: **20-CI-01537**
Court: **CIRCUIT**
County: **KENTON**

*Plantiff,* **MORGAN, SHERRILL D. VS. PEINE, PATRICIA ET AL**, *Defendant*

TO: **REGISTERED AGENT SOLUTIONS, INC.**
**828 LANE ALLEN ROAD, SUITE 219**
**LEXINGTON, KY 40504**

Memo: Related party is DOORDASH, INC.

The Commonwealth of Kentucky to Defendant:
**DOORDASH, INC.**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*John C. Middleton*

Kenton Circuit Clerk
Date: **10/29/2020**

---

**Proof of Service**

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____ , 20 _____

_____
Served By

_____
Title

Summons ID: 289185320000972@00000935542
CIRCUIT: 20-CI-01537 Certified Mail
MORGAN, SHERRILL D. VS. PEINE, PATRICIA ET AL



Page 1 of 1

*e*Filed

*Package:000002 of 000016*

*Presiding Judge: HON. GREGORY M. BARTLETT (616100)*

*Package : 000002 of 000016*



AOC-E-105      Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice      Courts.ky.gov

CR 4.02; Cr Official Form 1

**CIVIL SUMMONS**

Case #: **20-CI-01537**
Court: **CIRCUIT**
County: **KENTON**

NOT ORIGINAL DOCUMENT
11/09/2020 12:51:25 PM
92414-3

---

*Plaintiff,* **MORGAN, SHERRILL D. VS. PEINE, PATRICIA ET AL**, *Defendant*

TO:  **PATRICIA PEINE**
     **522 HARRISON AVENUE**
     **HARRISON, OH 45030**

The Commonwealth of Kentucky to Defendant:

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

John C. Middleton

Kenton Circuit Clerk
Date: **10/29/2020**

Presiding Judge: HON. GREGORY M. BARTLETT (616100)

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

   Date: _____, 20_____      _____
                                          Served By
                                          _____
                                          Title

CI : 000001 of 000001

Summons ID: @00000935540
CIRCUIT: 20-CI-01537 Long Arm Statute – SOS - Restricted Delivery
MORGAN, SHERRILL D. VS. PEINE, PATRICIA ET AL



Page 1 of 1

**eFiled**

NOT ORIGINAL DOCUMENT
11/09/2020 12:50:08 PM
92414-3



**Commonwealth of Kentucky**
**John C. Middleton, Kenton Circuit Clerk**

| | |
|---|---|
| **Case #:** 20-CI-01537 | **Envelope #:** 2891853 |
| **Received From:** JUSTIN SANDERS | **Account Of:** JUSTIN SANDERS |
| **Case Title:** MORGAN, SHERRILL D. VS. PEINE, PATRICIA E AL | **Confirmation Number:** 116172447 |
| **Filed On** 10/29/2020  11:49:31AM | |

| # | Item Description | Amount |
|---|---|---|
| 1 | Access To Justice Fee | $20.00 |
| 2 | Civil Filing Fee | $150.00 |
| 3 | Money Collected For Others(Court Tech. Fee) | $20.00 |
| 4 | Library Fee | $3.00 |
| 5 | Money Collected For Others(Attorney Tax Fee) | $5.00 |
| 6 | Charges For Services(Jury Demand / 12) | $70.00 |
| 7 | Money Collected For Others(Postage) | $12.80 |
| 8 | Charges For Services(Copy - Photocopy) | $1.60 |
| 9 | Money Collected For Others(Postage) | $13.25 |
| 10 | Money Collected For Others(Secretary of State) | $10.00 |
| 11 | Charges For Services(Copy - Photocopy) | $3.20 |
| 12 | Charges For Services(Attestation) | $0.50 |
| 13 | Money Collected For Others(Postage) | $13.25 |
| 14 | Money Collected For Others(Secretary of State) | $15.45 |
| 15 | Charges For Services(Copy - Photocopy) | $3.20 |
| 16 | Charges For Services(Attestation) | $0.50 |
| | **TOTAL:** | $341.75 |

Filed          20-CI-01537 10/29/2020          John C. Middleton, Kenton Circuit Clerk

## COMMONWEALTH OF KENTUCKY
### KENTON CIRCUIT COURT
#### DIVISION _____
##### CASE NO.: _____

SHERRILL D. MORGAN                                              **PLAINTIFF**

v.

PATRICIA PEINE, et al.                                         **DEFENDANTS**

---

### NOTICE OF ELECTION OF ELECTRONIC SERVICE

---

   PLEASE TAKE NOTICE pursuant to CR 5.02(2), counsel for Plaintiff elects to "effectuate and receive service via electronic means." The electronic notification address at which the undersigned attorney agrees to accept service are listed below. Please include the following email addresses below to assure receipt of service.

> jsanders@bubalolaw.com
> wstepp@bubalolaw.com
> wlucas@bubalolaw.com
> scurran@bubalolaw.com

   Please provide, in accordance with said rule, the electronic notification address at which counsel may be served.

       Respectfully submitted,

       /s/*Justin A. Sanders*
       Justin A. Sanders (Ky Bar #90390)
       Whitney L. Stepp (Ky Bar #96866)
       **BUBALO LAW PLC**
       9300 Shelbyville Road, Suite 210
       Louisville, KY 40222
       (502) 753-1600
       (502) 753-1601 facsimile
       jsanders@bubalolaw.com
       wstepp@bubalolaw.com
       *Counsel for Plaintiff*

Package: 000015 of 000016          Presiding Judge: HON. GREGORY M. BARTLETT (616100)          Package : 000015 of 000016

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing was served via U.S. Certified Mail with the Complaint, postage pre-paid on October 29, 2020 upon the following:

Patricia Peine
522 Harrison Avenue
Harrison, OH 45030

DoorDash, Inc.
Registered Agent Solutions, Inc.
828 Lane Allen Road, Suite 219
Lexington, KY 40504

Cincinnati Insurance Company
6200 South Gilmore Road
Fairfield, OH 45014

/s/Justin A. Sanders
Counsel for Plaintiff

Package:000016 of 000016

Presiding Judge: HON. GREGORY M. BARTLETT (616100)

Package : 000016 of 000016

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Registered Agent Solutions
828 Jane Allen Road
Suite 219
Lexington Ky 40504

9590 9402 3079 7124 0405 60

2. Article Number (Transfer from service label)

7017 1450 0000 0086 8467

PS Form 3811, July 201

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (Printed Name)

FILED
KENTON CIRCUIT/DISTRICT COURT

C. Date of Delivery

NOV 05 2020

JOHN C. MIDDLETON

BY_____ D.C.

20-CI-1537

D. Is delivery address different from Item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restrict Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

USPS TRACKING #

```
9590 9402 3079 7124 0405 60
```

**United States
Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

KENTON CIRCUIT COURT
230 MADISON AVE.
3RD. FLOOR
COVINGTON, KY 41011
PHONE # 859-292-6521

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

COMMONWEALTH OF KENTUCKY
KENTON CIRCUIT COURT
DIVISION III
CIVIL ACTION NO. 20-CI-01537

SHERRILL D. MORGAN                                                    PLAINTIFF

v.                                    **ANSWER**
                              *Electronically Filed*

PATRICIA PEINE, *et al.*                                            DEFENDANTS

                          *   *   *   *   *

Defendant, DoorDash, Inc. ("DoorDash"), by counsel, for its Answer and Affirmative

Defenses to the Complaint filed by plaintiff Sherrill D. Morgan, states as follows:

1.      DoorDash is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 1 of the Complaint and, accordingly, those

allegations are denied.

2.      With regard to the allegations contained in paragraph 2 of the Complaint,

DoorDash admits only that it understands Ms. Peine was the operator of a vehicle that collided

with plaintiff on or about April 16, 2019 in Kenton County, Kentucky.  DoorDash is without

knowledge or information sufficient to form a belief as to the truth of the allegations contained in

paragraph 2 of the Complaint concerning Ms. Peine's residence at all times relevant to the

Complaint.  The remainder of the allegations contained in paragraph 2 of the Complaint contain

legal conclusions to which no response is required.  To the extent a response is necessary,

DoorDash is without knowledge or information sufficient to form a belief as to the truth of

whether Ms. Peine is subject to the personal jurisdiction of this Court or whether the Secretary of

State is deemed to be the statutory agent of Ms. Peine.  Accordingly, these allegations are denied.

3.      With regard to the allegations contained in paragraph 3 of the Complaint,

DoorDash admits only that it is a Delaware corporation and that it holds a certificate of authority

Filed                    23D620                                     Kenton Circuit Clerk

67E5F8CD-7627-40B5-A4E4-B58811B733D1 : 000002 of 000014

to transact business in Kentucky.  DoorDash also states its principal office is located at 303

Second Street, Suite 800, San Francisco, California 94107.  The remainder of the allegations

contained in paragraph 3 of the Complaint are legal conclusions to which no response is

required.  To the extent a response is necessary, DoorDash is without knowledge or information

sufficient to form a belief as to plaintiff's allegations regarding DoorDash engaging in business

in Kentucky and service being proper because DoorDash does not know what "times" plaintiff

considers "material to this lawsuit."  Accordingly, those allegations are denied.  DoorDash also

denies that it is vicariously liable under a theory of respondeat superior, agency, ostensible

agency, partnership, and other forms of vicarious liability for the acts and/or omissions of its

independent contractors, including but not limited to, Ms. Peine.

4.      DoorDash is without knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 4 of the Complaint and, accordingly, those

allegations are denied.

5.      The allegations contained in paragraph 5 of the Complaint contain legal

conclusions to which no response is required.  To the extent a response is necessary, DoorDash

admits only that it understands plaintiff's claim for relief arises out of an alleged accident

between Ms. Peine's vehicle and plaintiff, that this accident occurred in Kenton County,

Kentucky on April 16, 2019, and that plaintiff asserts the accident caused him bodily injury.

6.      The allegations contained in paragraph 6 of the Complaint contain legal

conclusions to which no response is required.  To the extent a response is necessary, DoorDash

denies the allegations contained in paragraph 6 of the Complaint.

7.       The allegations contained in paragraph 7 of the Complaint contain legal

conclusions to which no response is required.  To the extent a response is necessary, DoorDash is

Filed            20-CI-01537      11/23/2020          John C. Middleton, Kenton Circuit Clerk

ANS : 000002 of 000014

without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and, accordingly, those allegations are denied.

8.      DoorDash is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and, accordingly, those allegations are denied.

9.      DoorDash is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and, accordingly, those allegations are denied.

10.     With regard to the allegations contained in paragraph 10 of the Complaint, DoorDash admits only that it understands Ms. Peine's vehicle collided with plaintiff.  DoorDash is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 10 of the Complaint and, accordingly, those allegations are denied.

11.      DoorDash is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and, accordingly, those allegations are denied.

12.     DoorDash is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and, accordingly, those allegations are denied.

13.     With regard to the allegations contained in paragraph 13 of the Complaint, DoorDash admits only that, upon information and belief, at the time of the accident, Ms. Peine was using the DoorDash application and had agreed to make a food delivery that had been

requested by a third party.  DoorDash denies all remaining allegations contained in paragraph 13 of the Complaint.

14.     The allegations contained in paragraph 14 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is necessary, DoorDash denies the allegations contained in paragraph 14 of the Complaint.

15.     With regard to the allegations contained in paragraph 15 of the Complaint, DoorDash admits only that, upon information and belief, at the time of the accident, Ms. Peine was using the Dasher application and had agreed to make a food delivery that had been requested by a third party.  DoorDash denies all remaining allegations contained in paragraph 15 of the Complaint.

16.     With regard to the allegations contained in paragraph 16 of the Complaint, DoorDash admits only that compensation to an independent contractor is governed by the independent contractor relationship.

17.     DoorDash denies the allegations contained in paragraph 17 of the Complaint.

18.     With regard to the allegations contained in paragraph 18 of the Complaint, DoorDash admits only that access to DoorDash's platform requires use of its application or website.  DoorDash denies that it provides food delivery services and denies all remaining allegations contained in paragraph 18 of the Complaint.

19.     With regard to the allegations contained in paragraph 19 of the Complaint, DoorDash states that its business relationship with its independent contractors is governed by an Independent Contractor Agreement and DoorDash denies any allegation or inference in paragraph 19 that is inconsistent with the applicable Independent Contractor Agreement, the

actual process for becoming an independent contractor, and related law taken as a whole.

DoorDash denies all other allegations contained in paragraph 19 of the Complaint.

20.     DoorDash admits the allegations contained in paragraph 20 of the Complaint.

21.     In response to the allegations contained in paragraph 21 of the Complaint,

DoorDash incorporates by reference its responses to the preceding paragraphs.

22.     The allegations contained in paragraph 22 of the Complaint make no allegations

against DoorDash and contain legal conclusions to which no response is required.  To the extent

a response is necessary, DoorDash is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 22 of the Complaint and,

accordingly, those allegations are denied.

23.     The allegations contained in paragraph 23 of the Complaint make no allegations

against DoorDash and contain legal conclusions to which no response is required.  To the extent

a response is necessary, DoorDash is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 23 of the Complaint and,

accordingly, those allegations are denied.

24.     The allegations contained in paragraph 24 of the Complaint make no allegations

against DoorDash and contain legal conclusions to which no response is required.  To the extent

a response is necessary, DoorDash is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 24 of the Complaint and,

accordingly, those allegations are denied.

25.     The allegations contained in paragraph 25 of the Complaint make no allegations

against DoorDash and no response is required.  To the extent a response is necessary, DoorDash

Filed          20-CI-01537     11/23/2020          John C. Middleton, Kenton Circuit Clerk

is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and, accordingly, those allegations are denied.

26.     The allegations contained in paragraph 26 of the Complaint make no allegations against DoorDash and contain legal conclusions to which no response is required.  To the extent a response is necessary, DoorDash is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint and, accordingly, those allegations are denied.

27.     The allegations contained in paragraph 27 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is necessary, DoorDash denies the allegations contained in paragraph 27 of the Complaint.

28.     In response to the allegations contained in paragraph 28 of the Complaint, DoorDash incorporates by reference its responses to the preceding paragraphs.

29.     The allegations contained in paragraph 29 of the Complaint contain legal conclusions to which no response is required.  To the extent a response is necessary, DoorDash denies the allegations contained in paragraph 29 of the Complaint.

30.     DoorDash denies the allegations contained in paragraph 30 of the Complaint.

31.     With regard to the allegations contained in paragraph 31 of the Complaint, DoorDash admits only that Ms. Peine was required to execute an Independent Contractor Agreement and submit to a background check.  DoorDash denies all remaining allegations contained in paragraph 31 of the Complaint, and specifically denies that it provides on-demand delivery services.

32.     With regard to the allegations contained in paragraph 32 of the Complaint, DoorDash denies that it provides food delivery services and admits only that it and Ms. Peine each benefited financially from their independent contractor relationship.

33.     With regard to the allegations contained in paragraph 33 of the Complaint, DoorDash admits only that, upon information and belief, at the time of the accident, Ms. Peine was using the Dasher application and had agreed to make a food delivery that had been requested by a third party.  DoorDash denies that it provides food delivery services and denies all remaining allegations contained in paragraph 33 of the Complaint.

34.     DoorDash denies the allegations contained in paragraph 34 of the Complaint.

35.     DoorDash denies the allegations contained in paragraph 35 of the Complaint.

36.     DoorDash denies the allegations contained in paragraph 36 of the Complaint, including the allegations contained in subparagraphs a through k.

37.     In response to the allegations contained in paragraph 37 of the Complaint, DoorDash incorporates by reference its responses to the preceding paragraphs.

38.     With regard to the allegations contained in paragraph 38 of the Complaint, DoorDash states that no response is required because no allegations are made against DoorDash. To the extent a response is necessary, DoorDash is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint and, accordingly, those allegations are denied.

39.     With regard to the allegations contained in paragraph 39 of the Complaint, DoorDash states that no response is required because no allegations are made against DoorDash. To the extent a response is necessary, DoorDash is without knowledge or information sufficient

7

to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint and, accordingly, those allegations are denied.

40.      With regard to the allegations contained in paragraph 40 of the Complaint, DoorDash states that no response is required because no allegations are made against DoorDash. To the extent a response is necessary, DoorDash is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint and, accordingly, those allegations are denied.

41.      With regard to the allegations contained in paragraph 41 of the Complaint, DoorDash states that no response is required because no allegations are made against DoorDash. To the extent a response is necessary, DoorDash is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint and, accordingly, those allegations are denied.

42.      With regard to the allegations contained in paragraph 42 of the Complaint, DoorDash states that no response is required because no allegations are made against DoorDash. To the extent a response is necessary, DoorDash is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint and, accordingly, those allegations are denied.

43.      With regard to the allegations contained in paragraph 43 of the Complaint, DoorDash states that no response is required because no allegations are made against DoorDash. To the extent a response is necessary, DoorDash is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint and, accordingly, those allegations are denied.

44. With regard to the allegations contained in paragraph 44 of the Complaint, DoorDash states that no response is required because no allegations are made against DoorDash. To the extent a response is necessary, DoorDash is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint and, accordingly, those allegations are denied.

45. With regard to the allegations contained in paragraph 45 of the Complaint, DoorDash states that no response is required because no allegations are made against DoorDash. To the extent a response is necessary, DoorDash is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint and, accordingly, those allegations are denied.

46. With regard to the allegations contained in paragraph 46 of the Complaint, DoorDash states that no response is required because no allegations are made against DoorDash. To the extent a response is necessary, DoorDash is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint and, accordingly, those allegations are denied.

47. With regard to the allegations contained in paragraph 47 of the Complaint, DoorDash states that no response is required because no allegations are made against DoorDash. To the extent a response is necessary, DoorDash is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint and, accordingly, those allegations are denied.

48. In response to the allegations contained in paragraph 48 of the Complaint, DoorDash incorporates by reference its responses to the preceding paragraphs.

49. DoorDash denies the allegations contained in paragraph 49 of the Complaint.

9

50.     DoorDash denies the allegations contained in paragraph 50 of the Complaint.

51.     DoorDash denies the allegations contained in paragraph 51 of the Complaint.

52.     DoorDash denies the allegations of the separate unnumbered paragraph of the Complaint beginning "Wherefore" containing plaintiff's "Prayer for Relief," including subparagraph A through second subparagraph E.

53.     DoorDash denies any allegation in the Complaint that it has not specifically admitted in this Answer.

## AFFIRMATIVE DEFENSES

1.     The Complaint fails to state a claim against DoorDash upon which relief can be granted.

2.     Plaintiff's claims are barred because DoorDash did not owe or breach any duty or obligation to plaintiff and plaintiff has not and cannot plead the factual or legal basis for any duty or obligation owed to him by DoorDash.

3.     DoorDash is not vicariously liable for any negligence attributable to Ms. Peine because Ms. Peine was an independent contractor.

4.     Plaintiff's negligent hiring and retention claims fail not only because Ms. Peine was not an employee of DoorDash, but also because DoorDash had no knowledge of Ms. Peine's alleged harmful propensities, and plaintiff cannot prove anything DoorDash did proximately caused plaintiff's injuries.

5.     Plaintiff's negligent training and supervision claims fail because DoorDash was under no obligation to supervise or train independent contractors such as Ms. Peine, DoorDash had no knowledge of Ms. Peine's alleged harmful propensities, and plaintiff cannot prove anything DoorDash did proximately caused plaintiff's injuries.

10

67E5F8CD-7627-40B5-A4E4-B58811B733D1 : 000010 of 000014

ANS : 000010 of 000014

Filed                                   20-CI-01537        11/23/2020        John C. Middleton, Kenton Circuit Clerk

67E5F8CD-7627-40B5-A4E4-B58811B733D1 : 000011 of 000014

ANS : 000011 of 000014

6.      Plaintiff's negligent entrustment claim fails because DoorDash did not provide Ms. Peine with a motor vehicle, Ms. Peine was not inexperienced, careless, reckless, or incompetent, and DoorDash did not know and had no reason to know that Ms. Peine was inexperienced, careless, reckless, or incompetent.

7.      Plaintiff has suffered no injury or damage by reason of any improper act, omission or breach of DoorDash, and thus plaintiff fails to state an actionable claim against DoorDash.

8.      The injuries and damages about which plaintiff complains were caused in whole or in part by acts or omissions of third parties over whom DoorDash had no control and for which it has no liability.

9.      Plaintiff's claims against DoorDash are barred because DoorDash did not proximately cause any alleged damages.

10.     The injuries and damages about which plaintiff complains may have been caused in whole or in part by plaintiff's own actions or inaction, or the acts or omissions of others, and such failure was the proximate cause of, or a substantial factor contributing to, plaintiff's alleged injuries and damages.

11.     If plaintiff sustained any damages as alleged in the Complaint, which is denied, recovery should be denied for failure to mitigate damages.

12.     Plaintiff's claim for punitive damages is unsupported by the pleadings and the facts, is otherwise improper, and is prohibited by the Kentucky and United States Constitutions and other applicable law.

13.     DoorDash affirmatively states that any award of punitive damages is barred by the prohibition against excessive fines contained in the Eighth Amendment to the United States

Filed                 20-CI-01537        11/23/2020                John C. Middleton, Kenton Circuit Clerk

Filed 20-CI-01537 11/23/2020 John C. Middleton, Kenton Circuit Clerk

Constitution, the due process clause under the Fourteenth Amendment, and by Sections 2 and 14 of Kentucky's Constitution.

14.     To the extent that the plaintiff seeks an award of punitive damages, the Complaint fails to sufficiently allege or establish the essential elements of fraud, oppression, and malice, as required under KRS 411.184.

15.     To the extent that the plaintiff seeks an award of punitive damages, DoorDash relies upon and incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damages, including but not limited to those arising out of the United States Supreme Court's decisions in *State Farm Mutual Auto Insurance Company v. Campbell*, 538 U.S. 408 (2003), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), *BMW of North America v. Gore*, 517 U.S. 559 (1996), and their progeny.

16.     The relief sought by plaintiff may be barred by the doctrines of laches, estoppel, waiver, unclean hands, consent, ratification, acquiescence, setoff, payment, settlement, and accord and satisfaction.

17.     Plaintiff has failed to state a claim supporting an award of costs, attorneys' fees and other unspecified relief, and therefore those claims are barred as a matter of law.

18.     DoorDash asserts all available protection and defenses under CR 8.03, CR 12.02, and any other law which may be applicable to plaintiff's claims.

19.     DoorDash specifically reserves the right and gives notice that it may assert additional defenses, affirmative defenses, counterclaims, cross-claims, or third-party claims.

## **DEMAND FOR RELIEF**

Accordingly, DoorDash demands as follows:

Filed 20-CI-01537 11/23/2020 John C. Middleton, Kenton Circuit Clerk

67E5F8CD-7627-40B5-A4E4-B58811B733D1 : 000012 of 000014

ANS : 000012 of 000014

1.      That the Complaint be dismissed with prejudice;

2.      Alternatively, that a judgment for DoorDash be entered on all claims asserted in the Complaint;

3.      Alternatively, that DoorDash receive a trial by jury on all triable issues;

4.      That DoorDash be awarded all of its costs and expenses incurred in this litigation, including reasonable attorneys' fees; and

5.       That DoorDash be awarded all other relief to which it may be entitled.

                              Respectfully submitted,

                              TACHAU MEEK PLC
                              Brian F. Haara #86431
                              Matthew W. Swafford #94753

                              /s/ Brian F. Haara
                              101 South Fifth Street, Suite 3600
                              PNC Tower
                              Louisville, Kentucky 40202
                              Phone:  (502) 238-9900
                              Facsimile:  (502) 238-9910
                              bhaara@tachaulaw.com
                              mswafford@tachaulaw.com
                              *Counsel for DoorDash, Inc.*

## CERTIFICATE OF SERVICE

I certify that on November 23, 2020, I electronically filed this Answer with the clerk of the court by using the eFiling system and served it by electronic and U.S. Mail to the following:

Justin A. Sanders
Whitney L. Stepp
BUBALO LAW PLC
9300 Shelbyville Road, Suite 210
Louisville, KY 40222
jsanders@bubalolaw.com
wstepp@bubalolaw.com
*Counsel for Plaintiff*

Cincinnati Insurance Company
6200 South Gilmore Road
Fairfield, OH 45014

Elizabeth A. Deener
Landrum & Shouse LLP
P.O. Box 951
Lexington, KY 40588-0951
edeener@landrumshouse.com
*Counsel for Patricia Peine*

/s/ Brian F. Haara
*Counsel for DoorDash, Inc.*

Case: 2:20-cv-00170-DLB-CJS   Doc #: 1-1   Filed: 11/30/20   Page: 38 of 69 - Page ID#: 44

COMMONWEALTH OF KENTUCKY
KENTON CIRCUIT COURT
DIVISION III
CIVIL ACTION NO. 20-CI-01537

SHERRILL D. MORGAN                                                    PLAINTIFF

v.           **NOTICE OF ELECTION OF ELECTRONIC SERVICE**
                         *Electronically Filed*

PATRICIA PEINE, *et al.*                                            DEFENDANTS

*     *     *     *     *

Pursuant to CR 5.02(2), Defendant DoorDash, Inc. provides notice of its election to effectuate and receive service via electronic mail to the following addresses:

1)      bhaara@tachaulaw.com;

2)      mswafford@tachaulaw.com; and

3)      eservice@tachaulaw.com.

Defendant further requests that counsel promptly provide the undersigned with an electronic notification address or addresses at which she or he may be served with all future filings requiring service under the Civil Rules.

Respectfully submitted,

Tᴀᴄʜᴀᴜ Mᴇᴇᴋ ᴘʟᴄ
Brian F. Haara #86431
Matthew W. Swafford #94753

/s/ Matthew W. Swafford
101 South Fifth Street, Suite 3600
PNC Tower
Louisville, Kentucky 40202
Phone: (502) 238-9900
Facsimile: (502) 238-9910
bhaara@tachaulaw.com
mswafford@tachaulaw.com
*Counsel for DoorDash, Inc.*

## CERTIFICATE OF SERVICE

I certify that on November 23, 2020, I electronically filed this Notice of Election of Electronic Service with the clerk of the court by using the eFiling system and served it by electronic and U.S. Mail to the following:

Justin A. Sanders
Whitney L. Stepp
BUBALO LAW PLC
9300 Shelbyville Road, Suite 210
Louisville, KY 40222
jsanders@bubalolaw.com
wstepp@bubalolaw.com
*Counsel for Plaintiff*

Cincinnati Insurance Company
6200 South Gilmore Road
Fairfield, OJ 45014

Elizabeth A. Deener
Landrum & Shouse LLP
P.O. Box 951
Lexington, KY 40588-0951
edeener@landrumshouse.com
*Counsel for Patricia Peine*

/s/ Matthew W. Swafford
*Counsel for DoorDash, Inc.*

COMMONWEALTH OF KENTUCKY
KENTON CIRCUIT COURT
CASE NO.  20-CI-01537

*Electronically filed*

SHERRILL D. MORGAN                                                              PLAINTIFF

V.                              **ANSWER OF PATRICIA PEINE**

PATRICIA PEINE,
DOORDASH, INC. and
CINCINNATI INSURANCE COMPANY                                    DEFENDANTS

********

      Comes now the Defendant, Patricia Peine, without waiver of failure of service of process or insufficiency of process, by counsel, and for her Answer to the Complaint, states as follows:

**FIRST DEFENSE**

      This Defendant states that the service against her failed or was insufficient pursuant to Kentucky Rule of Civil Procedure 12.02(d) or (e).

**SECOND DEFENSE**

      The Defendant states the Complaint fails to state a claim from which any relief may be granted against this Defendant, and therefore should be dismissed and held for not.

**THIRD DEFENSE**

      This Defendant states the claims in Plaintiff's Complaint may be barred, in whole or in part, by the applicable limitation of actions in such cases made and provided and therefore the Complaint should be dismissed.

Filed                    20-CI-01537    11/24/2020                    John C. Middleton, Kenton Circuit Clerk

### FOURTH DEFENSE

The Defendant affirmatively pleads the Plaintiff's injuries, if any, were caused by a superseding and/or intervening cause not within the control of the Defendant. This Defendant pleads and relies upon the same as a bar, in whole or in part, to the Plaintiff's Complaint.

### FIFTH DEFENSE

This Defendant pleads that she did not breach any duty owed to the Plaintiff, and the Defendant pleads and relies upon the same as a bar, in whole or in part, to the Plaintiff's Complaint.

### SIXTH DEFENSE

This Defendant states the Plaintiff has failed to state a claim for negligence or negligence *per se* under the laws of the Commonwealth of Kentucky. This Defendant pleads and relies upon same as a bar, in whole or in part, to Plaintiff's Complaint.

### SEVENTH DEFENSE

This Defendant pleads the Plaintiff has failed to plead the requisite elements to recover from mental anguish, mental and emotional suffering and/or loss of enjoyment of life, and this Defendant pleads and relies upon the same as a bar, in whole or in part, to Plaintiff's Complaint.

### EIGHTH DEFENSE

This Defendant states that hedonic damages are not recoverable under Kentucky law.

### NINTH DEFENSE

This Defendant affirmatively pleads that the evidence reveals that the Plaintiff's injuries, if any, were the result, in whole or in part, of prior existing medical conditions for which this Defendant had no responsibility, then this Defendant pleads and relies upon same, as a bar, in whole or in part, to Plaintiff's Complaint.

94C511AC-E219-4F40-AFEF-350B103F1B0B : 000002 of 000012

ANS : 000002 of 000012

Filed                    24-C0000    Docket: Challenge Key of Acquit Clerk

## TENTH DEFENSE

This Defendant pleads that if the evidence reveals Plaintiff's injuries, if any, were the result, in whole or in part, of subsequent medical conditions for which this Defendant had no responsibility, then this Defendant pleads and relies upon the same as a bar, in whole or in part, to Plaintiff's Complaint.

## ELEVENTH DEFENSE

This Defendant pleads that she did not breach any duty owed to the Plaintiff, and that at all times relevant hereto acted in good faith and conformity with all applicable statutes, regulations, ordinance, and common law.

## TWELFTH DEFENSE

The Plaintiff failed to mitigate any damages and aggravated same by his own actions or inactions, which bars, in whole or in part, his claim for damages.

## THIRTEENTH DEFENSE

This Defendant pleads that under Kentucky law attorney's fees are not available for ordinary negligence claims, and the Defendant pleads and relies upon the same as a bar, in whole or in part, to Plaintiff's Complaint.

## FOURTEENTH DEFENSE

This Defendant affirmatively pleads, that at the time, place and on the occasion complained of by the Plaintiff, Sherrill D. Morgan, failed to exercise reasonable care for his own safety, and the Defendant pleads and relies upon same as a bar, in whole or in part, to the Complaint.

94C511AC-E219-4F40-AFEF-350B103F1B0B : 000003 of 000012

ANS : 000003 of 000012

Filed                    24D620                    Not Published Kenton Circuit

## FIFTEENTH DEFENSE

### Parties

1.      The Defendant is without information or knowledge sufficient to form a belief as to the truthfulness or falsity of paragraph 1 of the Complaint, and, therefore, denies the same.

2.      This Defendant admits so much of paragraph 2 of the Complaint as states that this Defendant, Patricia Peine, is an Ohio resident and citizen.  This Defendant states the remaining allegations of paragraph 2 of the Complaint state a legal conclusion for which no answer is required.  This Defendant denies any remaining factual allegations contained in paragraph 2 of the Complaint, and specifically denies any allegation of fault or wrongdoing on her part.

3.      This Defendant admits so much of paragraph 3 of the Complaint as states that Co-Defendant, DoorDash, Inc. is a Delaware corporation with a principal place of business in California.  This Defendant states the remaining allegations of paragraph 3 of the Complaint state a legal conclusion for which no answer is required.  This Defendant denies any remaining factual allegations contained in paragraph 3 of the Complaint, and specifically denies any allegation of fault or wrongdoing on her part.

4.      This Defendant admits so much of paragraph 4 of the Complaint as states that Co-Defendant, Cincinnati Insurance Company, is an Ohio insurer with a principal place of business in Ohio.  This Defendant states the remaining allegations of paragraph 4 of the Complaint state a legal conclusion for which no answer is required.  This Defendant denies any remaining factual allegations contained in paragraph 4 of the Complaint, and specifically denies any allegation of fault or wrongdoing on her part.

94C511AC-E219-4F40-AFEF-350B103F1B0B : 000004 of 000012

ANS : 000004 of 000012

Filed                20-CI-01537       11/24/2020              John C. Middleton, Kenton Circuit Clerk

**Jurisdiction and Venue**

5.      This Defendant states the allegations of paragraph 5 of the Complaint state a legal conclusion for which no answer is required.  This Defendant denies any factual allegations contained in paragraph 5 of the Complaint, and specifically denies any allegation of fault or wrongdoing on her part.

6.      This Defendant states the allegations of paragraph 6 of the Complaint state a legal conclusion for which no answer is required.  This Defendant denies any factual allegations contained in paragraph 6 of the Complaint, and specifically denies any allegation of fault or wrongdoing on her part.

7.      This Defendant states the allegations of paragraph 7 of the Complaint state a legal conclusion for which no answer is required.  This Defendant denies any factual allegations contained in paragraph 7 of the Complaint, and specifically denies any allegation of fault or wrongdoing on her part.

**Statement of Facts**

8.      This Defendant is without information or knowledge sufficient to form a belief as to the truthfulness or falsity of paragraph 8 of the Complaint, and, therefore, denies the same.

9.      This Defendant is without information or knowledge sufficient to form a belief as to the truthfulness or falsity of paragraph 9 of the Complaint, and, therefore, denies the same.

10.     This Defendant denies the allegations contained in paragraph 10 of the Complaint.

11.     This Defendant denies the allegations contained in paragraph 11 of the Complaint.

12.     This Defendant denies the allegations contained in paragraph 12 of the Complaint.

13.     This Defendant admits so much of paragraph 13 of the Complaint as alleges that she was engaged in the business activity of being a DoorDash delivery driver.  This Defendant

Filed    4848-9535-4578, v. 1    20-CI-01537       11/24/2020              John C. Middleton, Kenton Circuit Clerk

94C511AC-E219-4F40-AFEF-350B9103F1B0B : 000005 of 000012

ANS : 000005 of 000012

denies all other factual allegations contained in paragraph 13 of the Complaint, and specifically denies any negligence, fault, or wrongdoing on her behalf.

14.     This Defendant admits so much of paragraph 14 of the Complaint as alleges that she was a DoorDash delivery driver.  This Defendant denies all other factual allegations contained in paragraph 14 of the Complaint, and specifically denies any negligence, fault, or wrongdoing on her behalf.

15.     This Defendant admits so much of paragraph 15 of the Complaint as alleges that she was engaged in the business activity of being a DoorDash delivery driver.  This Defendant denies all other factual allegations contained in paragraph 15 of the Complaint, and specifically denies any negligence, fault, or wrongdoing on her behalf.

16.     This Defendant admits the allegations contained in paragraph 16 of the Complaint.

17.     The Defendant is without information or knowledge sufficient to form a belief as to the truthfulness or falsity of paragraph 17 of the Complaint, and, therefore, denies the same. This Defendant specifically denies any negligence, fault, or wrongdoing on her behalf.

18.     The Defendant is without information or knowledge sufficient to form a belief as to the truthfulness or falsity of paragraph 18 of the Complaint, and, therefore, denies the same. This Defendant specifically denies any negligence, fault, or wrongdoing on her behalf.

19.     The Defendant is without information or knowledge sufficient to form a belief as to the truthfulness or falsity of paragraph 19 of the Complaint, and, therefore, denies the same. This Defendant specifically denies any negligence, fault, or wrongdoing on her behalf.

20.     The Defendant is without information or knowledge sufficient to form a belief as to the truthfulness or falsity of paragraph 20 of the Complaint, and, therefore, denies the same. This Defendant specifically denies any negligence, fault, or wrongdoing on her behalf.

94C511AC-E219-4F40-AFEF-350B103F1B0B : 000006 of 000012

ANS : 000006 of 000012

**Negligence and Negligence Per Se of Defendant Patricia Peine**

21.    This Defendant incorporates by reference all answers and defenses plead in response to the incorporated allegations of paragraphs 1-20 of paragraph 21 of the Plaintiff's Complaint.

22.    The Defendant states the allegations asserted in paragraph 22 of the Complaint contains either a legal question, legal conclusion, or argument, to which no response is required. This Defendant denies any factual allegations contained in paragraph 22 of the Plaintiffs' Complaint.  This Defendant denies any allegation of wrongdoing, negligence, or fault alleged in paragraph 22 of the Complaint.

23.    The Defendant states the allegations asserted in paragraph 23 of the Complaint contains either a legal question, legal conclusion, or argument, to which no response is required. This Defendant denies any factual allegations contained in paragraph 23 of the Plaintiffs' Complaint.  This Defendant denies any allegation of wrongdoing, negligence, or fault alleged in paragraph 23 of the Complaint.

24.    This Defendant denies the allegations contained in paragraph 24 including incorporated subparagraphs (a) – (g) of paragraph 24 of the Complaint.

25.    This Defendant denies the allegations contained in paragraph 25 including the incorporated subparagraphs (a) – (b) of paragraph 25 of the Complaint.

26.    This Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.    This Defendant denies the allegations contained in Paragraph 27 of the Complaint.

94C511AC-E219-4F40-AFEF-350B103F1B0B : 000007 of 000012

ANS : 000007 of 000012

### Liability of Defendant DoorDash, Inc.

28.     This Defendant incorporates by reference all answers and defenses plead in response to the incorporated allegations of paragraphs 1-27 of paragraph 28 the Plaintiff's Complaint.

29.     This Defendant admits so much of paragraph 29 of the Complaint as alleges that she was a DoorDash delivery driver.  This Defendant denies all other factual allegations contained in paragraph 29 of the Complaint, and specifically denies any negligence, fault, or wrongdoing on her behalf.

30.     The Defendant is without information or knowledge sufficient to form a belief as to the truthfulness or falsity of paragraph 30 of the Complaint, and, therefore, denies the same. This Defendant specifically denies any negligence, fault, or wrongdoing on her behalf.

31.     The Defendant is without information or knowledge sufficient to form a belief as to the truthfulness or falsity of paragraph 31 of the Complaint, and, therefore, denies the same.

32.     This Defendant admits the allegations contained in paragraph 32 of the Complaint.

33.     This Defendant is without information or knowledge sufficient to form a belief as to the truthfulness or falsity of paragraph 33 of the Complaint, and, therefore, denies the same.

34.     This Defendant is without information or knowledge sufficient to form a belief as to the truthfulness or falsity of paragraph 34 of the Complaint, and, therefore, denies the same. This Defendant specifically denies any negligence, fault, or wrongdoing on her behalf.

35.     This Defendant denies the allegations contained in paragraph 35 of the Complaint.

36.     This Defendant is without information or knowledge sufficient to form a belief as to the truthfulness or falsity of paragraph 36 of the Complaint, including incorporated subparagraphs (a)-(k) of paragraph 36 of the Complaint, and, therefore, denies the same.  This

Filed          20-CI-01537      11/24/2020          John C. Middleton, Kenton Circuit Clerk

Defendant specifically denies any allegations of negligence, wrongdoing or fault on the part of this Defendant.

**<u>Uninsured and Underinsured Motorist Claim</u>**

37.     This Defendant incorporates by reference all answers and defenses plead in response to the incorporated allegations of paragraphs 1-36 of paragraph 37 the Plaintiff's Complaint.

38.     This Defendant is without information or knowledge sufficient to form a belief as to the truthfulness or falsity of paragraph 38 of the Complaint, and, therefore, denies the same.

39.     This Defendant is without information or knowledge sufficient to form a belief as to the truthfulness or falsity of paragraph 39 of the Complaint, and, therefore, denies the same.

40.     This Defendant is without information or knowledge sufficient to form a belief as to the truthfulness or falsity of paragraph 40 of the Complaint, and, therefore, denies the same.

41.     This Defendant is without information or knowledge sufficient to form a belief as to the truthfulness or falsity of paragraph 41 of the Complaint, and, therefore, denies the same.

42.     This Defendant is without information or knowledge sufficient to form a belief as to the truthfulness or falsity of paragraph 42 of the Complaint, and, therefore, denies the same.

43.     This Defendant is without information or knowledge sufficient to form a belief as to the truthfulness or falsity of paragraph 43 of the Complaint, and, therefore, denies the same.

44.     This Defendant is without information or knowledge sufficient to form a belief as to the truthfulness or falsity of paragraph 44 of the Complaint, and, therefore, denies the same.

45.     This Defendant is without information or knowledge sufficient to form a belief as to the truthfulness or falsity of paragraph 45 of the Complaint, and, therefore, denies the same.

46.     This Defendant denies the allegations contained in paragraph 46 of the Plaintiff's Complaint.

47.     This Defendant is without information or knowledge sufficient to form a belief as to the truthfulness or falsity of paragraph 47 of the Complaint, and, therefore, denies the same.

**Injuries, Damages, Losses**

48.     This Defendant incorporates by reference all answers and defenses plead in response to the incorporated allegations of paragraphs 1-47 of paragraph 48 the Plaintiff's Complaint.

49.     This Defendant denies the allegations contained in paragraph 49 including incorporated subparagraphs (a)–(g) of paragraph 49 of Plaintiff's Complaint.

50.     This Defendant denies the allegations contained in paragraph 50 of the Complaint.

51.     This Defendant denies the allegations contained in paragraph 51 of the Complaint.

52.     This Defendant denies the allegations contained in the *ad damnum* clause of the Complaint, including incorporated subparagraphs (A)-(E).

53.     This Defendant denies any allegation not specifically set out as admitted above.

**SIXTEENTH DEFENSE**

This Defendant pleads that the Plaintiff's claim for punitive damages against this Defendant cannot be sustained because an award for punitive damages under Kentucky law, for the purpose of compensating Plaintiff for elements of damages not otherwise recognized by Kentucky law, would violate this Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Section 2 of the Kentucky Constitution; and this Defendant pleads and relies upon the same as a bar, in whole or in part, to the Plaintiff's Complaint.

## SEVENTEENTH DEFENSE

This Defendant affirmatively pleads that the Plaintiff has failed to plead sufficient facts or allegations to justify a claim for punitive damages and this Defendant pleads and relies upon same as a bar, in whole or in part, to the allegation of punitive damages in the Plaintiff's Complaint.

## EIGHTEENTH DEFENSE

This Defendant affirmatively pleads that the Plaintiff failed to exercise ordinary care for his own safety and pleads the same as a bar to Plaintiff's Complaint.

## NINETEENTH DEFENSE

This Defendant reserves its right to amend its Answer to assert additional defenses and/or affirmative defenses and to assert Cross-claims, Counterclaims, and/or Third-Party Claims as may become apparent or available during the course of litigation.

Wherefore, the Defendant, Patricia Peine, respectfully requests that the Complaint against her be dismissed and that the Plaintiff take nothing thereby; for her costs herein expended, including a reasonable attorneys fee; for a trial by jury; and for any and all other relief to which she may appear entitled.

Respectfully submitted,

ELIZABETH A. DEENER (KY #90489)
LANDRUM & SHOUSE LLP
P.O. Box 951
Lexington, KY 40588-0951
Telephone: (859) 255-2424
Facsimile: (859) 233-0308


By:      /s/  Elizabeth A. Deener           .
ATTORNEY FOR DEFENDANT,
PATRICIA PEINE

94C511AC-E219-4F40-AFEF-350B103F1B0B : 000011 of 000012

ANS : 000011 of 000012

Filed                          24-CI-01537                                 John C. Middleton, Kenton Circuit Clerk

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing document has this 24th day of November, 2020,

been electronically filed with the Clerk of this Court using the Kentucky Court E-Filing system,

which will send notification of such filing to the following:

Justin A. Sanders
Whitney L. Stepp
BUBALO LAW PLC
9300 Shelbyville Road, Suite 210
Louisville, KY 40222
*Counsel for Plaintiff*

Brian F. Haara
TACHAU MEEK PLC
101 South Fifth Street, Suite 3600
PNC Tower
Louisville, KY 40202
*Counsel for DoorDash, Inc.*

Kimberly A. Kyle
Kohnen & Patton LLP
kkyle@kplaw.com
201 East Fifth Street, Suite 800
Cincinnati, Ohio 45202-4190
*Counsel for Cincinnati Insurance Company*

By:    /s/ Elizabeth A. Deener        .
ATTORNEY FOR DEFENDANT,
PATRICIA PEINE

Filed    4848-9535-4578, v. 1   20-CI-01537    11/24/2020    John C. Middleton, Kenton Circuit Clerk

Filed 20-CI-01537 11/30/2020 John C. Middleton, Kenton Circuit Clerk

COMMONWEALTH OF KENTUCKY
KENTON CIRCUIT COURT
CIVIL ACTION NO. 20-CI-01537

SHERRILL D. MORGAN                                        PLAINTIFF

v.

PATRICIA PEINE, *et al.*                                 DEFENDANTS

\* \* \* \* \*

## ANSWER OF DEFENDANT THE CINCINNATI INSURANCE COMPANY
### *Electronically Filed*

COMES NOW Defendant, The Cincinnati Insurance Company ("CIC"), by and through

counsel, and for its Answer to Plaintiff's Complaint, states and avers as follows:

### FIRST DEFENSE

CIC denies each and every allegation contained in the Complaint except as hereinafter

admitted, qualified or otherwise answered.

1.      Denies the allegations contained in paragraph 1 of the Complaint for lack of

knowledge or information sufficient to form a belief as to the truth thereof.

2.      Denies the allegations contained in paragraph 2 of the Complaint for lack of

knowledge or information sufficient to form a belief as to the truth thereof.

3.      Denies the allegations contained in paragraph 3 of the Complaint for lack of

knowledge or information sufficient to form a belief as to the truth thereof.

4.      Admits the allegations contained in paragraph 4 of the Complaint.

5.      Denies the allegations contained in paragraph 5 of the Complaint for lack of

knowledge or information sufficient to form a belief as to the truth thereof.

6.      Denies the allegations contained in paragraph 6 of the Complaint for lack of

knowledge or information sufficient to form a belief as to the truth thereof.

Filed                    20-CI-01537   11/30/2020        John C. Middleton, Kenton Circuit Clerk

7.      Denies the allegations contained in paragraph 7 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

8.      Denies the allegations contained in paragraph 8 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

9.      Denies the allegations contained in paragraph 9 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

10.     Denies the allegations contained in paragraph 10 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

11.     Denies the allegations contained in paragraph 11 of the Complaint.

12.     Denies the allegations contained in paragraph 12 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

13.     Denies the allegations contained in paragraph 13 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

14.     With regard to the allegations contained in paragraph 14 of the Complaint, such allegations state a legal conclusion such that no response is necessary.  To the extent that a response is deemed to be required by CIC, the allegations contained in paragraph 14 of the Complaint are denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

15.     Denies the allegations contained in paragraph 15 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

16.     Denies the allegations contained in paragraph 16 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

17.     Denies the allegations contained in paragraph 17 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

Filed                    20-CI-01537   11/30/2020        John C. Middleton, Kenton Circuit Clerk

76F0DDFA-F353-4C60-B187-4ADB0E33C84 : 000002 of 000010

ANS : 000002 of 000010

18.    Denies the allegations contained in paragraph 18 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

19.    Denies the allegations contained in paragraph 19 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

20.    Denies the allegations contained in paragraph 20 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

21.    Denies the allegations contained in paragraph 21 of the Complaint except as hereinbefore otherwise answered.

22.    The allegations contained in paragraph 22 of the Complaint are not directed toward CIC, and so no response is required.   To the extent that a response is deemed necessary, the allegations contained in paragraph 22 of the Complaint are denied.

23.    The allegations contained in paragraph 23 of the Complaint are not directed toward CIC, and so no response is required.   To the extent that a response is deemed necessary, the allegations contained in paragraph 23 of the Complaint are denied.

24.    The allegations contained in paragraph 24 of the Complaint are not directed toward CIC, and so no response is required.   To the extent that a response is deemed necessary, the allegations contained in paragraph 24 of the Complaint are denied.

25.    The allegations contained in paragraph 25 of the Complaint are not directed toward CIC, and so no response is required.   To the extent that a response is deemed necessary, the allegations contained in paragraph 25 of the Complaint are denied.

26.    The allegations contained in paragraph 26 of the Complaint are not directed toward CIC, and so no response is required.   To the extent that a response is deemed necessary, the allegations contained in paragraph 26 of the Complaint are denied.

Filed                    20-CI-01537    11/30/2020             John C. Middleton, Kenton Circuit Clerk

27.     Denies the allegations contained in paragraph 27 of the Complaint.

28.     Denies the allegations contained in paragraph 28 of the Complaint except as hereinbefore otherwise answered.

29.     The allegations contained in paragraph 29 of the Complaint are not directed toward CIC, and so no response is required.  To the extent that a response is deemed necessary, the allegations contained in paragraph 29 of the Complaint are denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

30.     The allegations contained in paragraph 30 of the Complaint are not directed toward CIC, and so no response is required.  To the extent that a response is deemed necessary, the allegations contained in paragraph 30 of the Complaint are denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

31.     The allegations contained in paragraph 31 of the Complaint are not directed toward CIC, and so no response is required.  To the extent that a response is deemed necessary, the allegations contained in paragraph 31 of the Complaint are denied for lack of knowledge or information sufficient to form a belief as to the truth thereof..

32.     The allegations contained in paragraph 32 of the Complaint are not directed toward CIC, and so no response is required.  To the extent that a response is deemed necessary, the allegations contained in paragraph 32 of the Complaint are denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

33.     The allegations contained in paragraph 33 of the Complaint are not directed toward CIC, and so no response is required.  To the extent that a response is deemed necessary, the allegations contained in paragraph 33 of the Complaint are denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

Filed          20-CI-01537     11/30/2020          John C. Middleton, Kenton Circuit Clerk

34.     The allegations contained in paragraph 34 of the Complaint are not directed toward CIC, and so no response is required.  To the extent that a response is deemed necessary, the allegations contained in paragraph 34 of the Complaint are denied for lack of knowledge or information sufficient to form a belief as to the truth thereof.

35.     The allegations contained in paragraph 35 of the Complaint are not directed toward CIC, and so no response is required.  To the extent that a response is deemed necessary, the allegations contained in paragraph 35 of the Complaint are denied.

36.     The allegations contained in paragraph 36 of the Complaint are not directed toward CIC, and so no response is required.  To the extent that a response is deemed necessary, the allegations contained in paragraph 36 of the Complaint are denied.

37.     Denies the allegations contained in paragraph 37 of the Complaint except as hereinbefore otherwise answered.

38.     Admits the allegations contained in paragraph 38 of the Complaint.   Further answering, CIC states that all coverage available under the referenced Policy is subject to all of its terms and applicable laws.

39.     Admits the allegations contained in paragraph 39 of the Complaint. Further answering, CIC states that all coverage available under the referenced Policy is subject to all of its terms and applicable laws.

40.     Admits the allegations contained in paragraph 40 of the Complaint. Further answering, CIC states that all coverage available under the referenced Policy is subject to all of its terms and applicable laws.

41.     Admits the allegations contained in paragraph 41 of the Complaint.  Affirmatively alleges that Plaintiff's damages do not appear to exceed the insurance coverage available to Co-Defendants.

42.     Denies the allegations contained in paragraph 42 of the Complaint.

43.     With regard to the allegations contained in paragraph 43 of the Complaint, denies that Defendant Peine was an "uninsured motorist" as such is defined in the Policy and under Kentucky law.  Admits the remaining allegations contained in paragraph 43 of the Complaint.

44.     Admits the allegations contained in paragraph 44 of the Complaint.

45.     With regard to the allegations contained in paragraph 45 of the Complaint, admits that Plaintiff paid premiums to CIC for the Policy.  Denies the remaining allegations contained in paragraph 45 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

46.     Denies the allegations contained in paragraph 46 of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth thereof.

47.     With regard to the allegations contained in paragraph 47 of the Complaint, admits that the allegations against CIC in this Complaint are a first party contractual claim for uninsured/underinsured motorist coverage under the insurance policy CIC issued to Plaintiff. Denies the remaining allegations contained in paragraph 47 of the Complaint.

48.     Denies the allegations contained in paragraph 48 of the Complaint except as hereinbefore otherwise answered.

49.     Denies the allegations contained in paragraph 49 of the Complaint.

50.     Denies the allegations contained in paragraph 50 of the Complaint.

51.     Denies the allegations contained in paragraph 51 of the Complaint.

## SECOND DEFENSE

52.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

53.     The within action should be dismissed as Plaintiff has failed to certify that all parties having a subrogation interest have been notified as required by KRS §411.188 and/or KRS §304.39-070.

## FOURTH DEFENSE

54.     If Plaintiff suffered any injuries and damages as alleged, which allegations are denied, such injuries and damages were due to Plaintiff's own negligence, contributory negligence, and/or assumption of the risk, eliminating entirely or reducing proportionately any liability of CIC.

## FIFTH DEFENSE

55.     If Plaintiff suffered any injuries and damages as alleged, which allegations are denied, such injuries and damages were the direct and proximate result of unforeseeable, superseding and/or intervening causes or the acts of other persons for which CIC is neither responsible nor liable.

## SIXTH DEFENSE

56.     Plaintiff's claims and request for judgment are limited to the terms of the subject policy's declarations, endorsements, limits of liability, conditions, exclusions, definitions, and all other provisions.

## SEVENTH DEFENSE

57.     Uninsured/underinsured motorist coverage of CIC, if any, is excess over other coverage available to Plaintiff, thereby reducing or barring Plaintiff's right to recovery from CIC, if any.

Filed                    20-CI-01537    11/30/2020        John C. Middleton, Kenton Circuit Clerk

76F0DDFA-F353-4C60-B187-4ADB0EE33C84 : 000008 of 000010

ANS : 000008 of 000010

## EIGHTH DEFENSE

58.     CIC should be given a setoff or credit for any monies paid for medical expenses, other expenses, lost wages or any other economic damages which have been paid or, in the alternative, which will be paid in the future, from any source including but not limited to workers compensation or disability benefits and personal injury protection benefits.

## NINTH DEFENSE

59.     All, or in the alternative, a portion of, the medical and other expenses or bills of Plaintiff were not reasonable and necessary or were not directly connected, necessary or incurred as a result of the incident complained of in Plaintiff's Complaint.

## TENTH DEFENSE

60.     Plaintiff has failed to mitigate his damages.

## ELEVENTH DEFENSE

61.     To the extent that Plaintiff failed to comply with conditions precedent to coverage under the policy issued by CIC, Plaintiff is barred from recovery of any coverage to which he might otherwise be entitled.

## TWELFTH DEFENSE

62.     Plaintiff's claims are limited to the provisions of Chapter 304 of the Kentucky Revised Statutes.

## THIRTEENTH DEFENSE

63.     Plaintiff is not entitled to costs, attorney's fees or pre- or post-judgment interest.

## FOURTEENTH DEFENSE

64.     Plaintiff is not entitled to punitive damages as such are not covered under the UM or UIM coverages under the Policy.

Filed                    20-CI-01537    11/30/2020        John C. Middleton, Kenton Circuit Clerk

### FIFTEENTH DEFENSE

65.    The vehicle operated by Defendant Peine was not an uninsured vehicle or an underinsured vehicle as defined by the Policy and/or Kentucky law.

### SIXTEENTH DEFENSE

66.    CIC hereby gives notice that it intends to rely upon and utilize any other affirmative defenses which become apparent or available during the course of discovery, and hereby reserves the right to amend its Answer to assert such defenses.

WHEREFORE, having fully answered, Defendant The Cincinnati Insurance Company prays that Plaintiff's Complaint be dismissed with prejudice at Plaintiff's costs, for its costs and expenses incurred herein, including reasonable attorney's fees, and for such other and further relief as the court deems just and reasonable.

Respectfully submitted,

KOHNEN & PATTON, LLP


/s/*Kimberly A. Kyle*
Kimberly A. Kyle (88781)
PNC Center, Suite 800
201 East Fifth Street
Cincinnati, OH 45202
Email: kkyle@kplaw.com
Phone: (513) 381-0656
Fax:  (513) 381-5823
*Attorney for Defendant*
*The Cincinnati Insurance Company*

Filed                          20-CI-01537      11/30/2020      John C. Middleton, Kenton Circuit Clerk

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was sent via email on this 30th day of November, 2020, upon the following:

Justin A. Sanders, Esq.
Whitney L. Stepp, Esq.
BUBALO LAW PLC
9300 Shelbyville Road, Suite 210
Louisville, KY 40222
jsanders@bubalolaw.com
wstepp@bubalolaw.com
*Counsel for Plaintiff*

Brian F. Haara, Esq.
Matthew W. Swafford, Esq.
TACHAU MEEK PLC
101 South Fifth Street, Suite 3600
PNC Tower
Louisville, Kentucky 40202
bhaara@tachaulaw.com
mswafford@tachaulaw.com
*Counsel for DoorDash, Inc.*

Elizabeth A. Deener
LANDRUM & SHOUSE LLP
P.O. Box 951
Lexington, KY 40588-0951
edeener@landrumshouse.com
*Counsel for Patricia Peine*

/s/*Kimberly A. Kyle*
Kimberly A. Kyle (88781)

4821-2472-6995.1 :CINTI.30222

10

# Kentucky Secretary of State
# Michael G. Adams
# (http://www.sos.ky.gov/)

Secretary of State (http://www.sos.ky.gov/Pages/default.aspx)  /
Administration (http://www.sos.ky.gov/admin/Pages/default.aspx)  /  Summonses

Business (http://www.sos.ky.gov/bus/Pages/default.aspx)

Elections (http://www.sos.ky.gov/elections/Pages/default.aspx)

Civics (http://www.sos.ky.gov/civics/Pages/default.aspx)

Administration   (http://www.sos.ky.gov/admin/Pages/default.aspx)

Secretary's Desk (http://www.sos.ky.gov/secdesk/Pages/default.aspx)

# Service of Summons Lookup Service

For further inquiry regarding a particular case or its status, call the **LOCAL      CIRCUIT
(http://www.kycourts.net/Addresses/AddressLists.asp?SearchOption=CCC) OR      DISTRICT
(http://www.kycourts.net/Addresses/AddressLists.asp?SearchOption=DTJ) COURT** in which the case is
assigned. To find the circuit clerk      click here (http://www.kycourts.net/Addresses/AddressLists.asp?
SearchOption=CCC).   To find the district court      click here (http://www.kycourts.net/Addresses/AddressLists.asp?
SearchOption=DTJ) .

Please enter the case number (must match exactly,
including any dashes):      `20-CI-01537`   ☑
                                                      Hide Instructions

Please select the jurisdiction:      `Kenton County ▾`   Search

---

Liability Statement
This service is for informational purposes only and should not be construed to reflect any legal determination of service.

---

**Name:** N/A                                          **Case #:** 20-CI-01537

**Company:** CINCINNATI INSURANCE COMPANY

**Date Received In This Office:** 11/5/2020

**Date Mailed To Defendant:** 11/5/2020 **(Sent Via Certified Delivery)**

**Date Mailed To Clerk/Court:** 11/16/2020

**Certified Mail #:**      70191120000153425177 (http://trkcnfrm1.smi.usps.com/PTSInternetWeb/InterLabelInquiry.do?strOrigTrackNum=70191120000153425177)

**Return Reason:** OK

**Response Memo:** N/A

**Agent/Court:** Circuit Court Clerk
                Kenton County
                230 Madison Ave.
                3rd Floor
                Covington, KY 41011
                Phone: (859) 292-6523

**Name:** PATRICIA PEINE                      **Case #:** 20-CI-01537

**Date Received In This Office:** 11/4/2020

**Date Mailed To Defendant:** 11/4/2020 **(Sent Via Restricted Delivery)**

**Date Mailed To Clerk/Court:** 11/16/2020

**Certified Mail #:**      70191120000153286747 (http://trkcnfrm1.smi.usps.com/PTSInternetWeb/InterLabelInquiry.do?strOrigTrackNum=70191120000153286747)

**Return Reason:** OK

**Response Memo:** N/A

**Agent/Court:** Circuit Court Clerk
                Kenton County
                230 Madison Ave.
                3rd Floor
                Covington, KY 41011
                Phone: (859) 292-6523

Contact (http://www.sos.ky.gov/Pages/contact.aspx)     Site Map (http://www.sos.ky.gov/Pages/sitemap.aspx)

Privacy (http://kentucky.gov/policies/Pages/default.aspx)     Security (http://kentucky.gov/policies/Pages/security.aspx)
Disclaimer (http://kentucky.gov/policies/Pages/disclaimer.aspx)
Accessibility (http://kentucky.gov/policies/Pages/accessibility.aspx)

© Commonwealth of Kentucky
All rights reserved.

Kentucky Unbridled Spirit (http://www.kentucky.gov)

USPS.com® - USPS Tracking® Results

# USPS Tracking®

FAQs >

### Track Another Package  +

**Tracking Number:** 70191120000153425177                    Remove ✕

Your item was picked up at a postal facility at 10:16 am on November 12, 2020 in FAIRFIELD, OH 45014.

## ✓ Delivered

November 12, 2020 at 10:16 am
Delivered, Individual Picked Up at Postal Facility
FAIRFIELD, OH 45014

**Get Updates** ⌄

Feedback

---

**Text & Email Updates**                                     ⌄

---

**Tracking History**                                         ⌄

---

**Product Information**                                      ⌄

---

**See Less** ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

11/25/2020                                     USPS.com® - USPS Tracking® Results

# USPS Tracking®

FAQs >

## Track Another Package  +

**Tracking Number:** 70191120000153286747                       Remove ✕

Your item was delivered to an individual at the address at 10:11 am on November 6, 2020 in
HARRISON, OH 45030.

## ✓ Delivered

November 6, 2020 at 10:11 am
Delivered, Left with Individual
HARRISON, OH 45030

Feedback

**Get Updates** ⌄

---

**Text & Email Updates**                                                   ⌄

---

**Tracking History**                                                        ⌄

---

**Product Information**                                                      ⌄

---

See Less ⌃

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

Case: 2:20-cv-00170-DLB-CJS Doc #: 1-1 Filed: 11/30/20 Page: 67 of 69 - Page ID#: 73

**FAQs**

Feedback

USPS.com® - USPS Tracking® Results

# USPS Tracking®

FAQs >

## Track Another Package +

**Tracking Number:** 70171450000000868461                    Remove ✕

Your item was delivered to the front desk, reception area, or mail room at 12:11 pm on November 2, 2020 in LEXINGTON, KY 40504.

## ✓ Delivered

November 2, 2020 at 12:11 pm
Delivered, Front Desk/Reception/Mail Room
LEXINGTON, KY 40504

Feedback

**Get Updates** ∨

---

**Text & Email Updates**                                          ∨

---

**Tracking History**                                              ∨

---

**Product Information**                                           ∨

---

**See Less** ∧

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback